**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**JOSEPH HAROLD TAYLOR,**

**Petitioner,**

**v.** **Case No. 5:25-cv-00516**

**W. HOLZAPFEL,**

**Respondents.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are a petition for habeas relief pursuant to 28 U.S.C. § 2241, (ECF No. 1), filed August 25, 2025, by Petitioner, Joseph Harold Taylor, ("Petitioner"), as well as Respondent's Motion to Dismiss for Improper Venue, (ECF No. 13). This matter was transferred to this District on August 26, 2025, (ECF No. 5), docketed, (ECF No. 6), and assigned to the Honorable Frank W. Volk, Chief United States District Judge. The matter was then referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition, (ECF Nos. 8, 16).

Having examined Petitioner's Section 2241 Petition, the undersigned **FINDS** and respectfully **RECOMMENDS** that (1) Petitioner's § 2241 petition, (ECF No. 1), be **CONSTRUED** as a Motion under 28 U.S.C. § 2255; (2) this action be **TRANSFERRED** to the United States District Court for the Middle District of Georgia; and (3) Respondent's Motion to Dismiss for Improper Venue, (ECF No. 13), be **DENIED as moot**.

# I. Relevant Facts and Procedural History

## *A. Criminal Action No. 4:24-CR-2-001 (CDL):*

On August 20, 2024, Petitioner pled guilty in the United States District Court for the Middle District of Georgia to one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See USA v. Taylor*, Criminal Action No. 4:24-CR-2-001 (CDL) (M.D. Ga., Aug. 20, 2024), Document Nos. 25, 27, 28. Petitioner was sentenced on December 3, 2024, to 60 months imprisonment, followed by a five-year term of supervised release. *Id.* at Document No. 33. According to the Bureau of Prison's Inmate Locator[1], Petitioner is currently incarcerated at the Federal Correctional Institution located in Beckley, West Virginia ("FCI Beckley"), and his anticipated release date is March 24, 2028.

## *B. Instant Section 2241 Petition*

On August 25, 2025, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Northern District of West Virginia. (ECF No. 1, at 1). On August 26, 2025, that Court ordered the case be transferred to this District, after which it was docketed, assigned to the Honorable Frank W. Volk, Chief United States District Judge, and subsequently referred to the undersigned United States Magistrate Judge for Findings of Fact and Recommendations for disposition, (ECF Nos. 8, 16).

In his Petition, Petitioner lists a single ground for relief, which states as follows: "New law has came (sic) with The Supreme Court and I shall be granted for a compassionate relief for The 924(c)(1)(a) violating substantial right's (sic) see Hewitt, No

1 https://www.bop.gov/inmateloc/ (last visited July 24, 2026).

23-1002. Warden failed to get me relief." (ECF No. 1, at 5). He contends that his position is "supported by The (sic) case law above from new guidelines from the [Supreme] Court in granting relief." (*Id.*).

On October 14, 2025—following Petitioner's filing fee remittance—this Court issued an Order directing Respondent to show cause within sixty days why the relief requested should not be granted. (ECF No. 12). Respondent filed a Motion to Dismiss for Improper Venue in response on December 4, 2025. (ECF No. 13). In it, Respondent argues that the Petition should be dismissed because Petitioner is challenging the grounds for his sentence under 28 U.S.C. § 2255 and/or seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*Id.* at 1). Respondent argues that "[i]n either event, the petition must be considered by the sentencing court, the United States District Court for the Middle District of Georgia." (*Id.*). Thus, Respondent contends, the Petition filed in this Court must be dismissed for improper venue.

On March 6, 2026, the Court directed Petitioner to file a reply to Respondent's response within sixty days, showing cause, if any, why the relief sought by Respondent should not be granted. (ECF No. 14). After no response was filed by the ascribed deadline, the Court entered an Order to Show Cause on May 8, 2026, *inter alia*, directing Petitioner to file a reply to Respondent's motion by no later than July 8, 2026. (ECF No. 19). Petitioner filed no reply by the prescribed deadline, and the matter is now ready for adjudication.

## II. <u>Legal Standard</u>

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S.

19, 21 (1975); *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) ("A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." (internal citations and brackets omitted)). However, Section 2241 is merely a *general* grant of habeas corpus authority. *Bell v. Streeval*, 147 F.4th 452, 462 (4th Cir. 20245); *see Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). More *specific* grants of habeas corpus authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). *See Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004).

In 1948, "Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 599 U.S. 465, 473 (2023).

> Experience had shown that processing federal prisoners' collateral attacks on their sentences through habeas proceedings—and, therefore, through the judicial districts in which they were confined—resulted in "serious administrative problems." *Hayman*, 342 U.S. [205], [ ] 212, 72 S.Ct. 263. Most significantly, a federal prisoner's district of confinement was often far removed from the records of the sentencing court and other sources of needed evidence. *Id.*, at 212–213, 72 S.Ct. 263. These difficulties were "greatly aggravated" by the concentration of federal prisoners in a handful of judicial districts, which forced those District Courts to process "an inordinate number of habeas corpus actions." *Id.*, at 213–214, 72 S.Ct. 263.
>
> Section 2255 solved these problems by rerouting federal prisoners' collateral attacks on their sentences to the courts that had sentenced them. To make this change of venue effective, Congress generally barred federal prisoners "authorized to apply for relief by motion pursuant to" § 2255 from applying "for a writ of habeas corpus" under § 2241. § 2255(e).

*Id.* at 473–74. However, "in a provision that has come to be known as the saving clause, Congress preserved the [Section 2241] habeas remedy in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention.' " *Id.* at

474 (quoting 28 U.S.C. § 2255).

The petitioner bears the burden of showing the inadequacy or ineffectiveness of a motion brought pursuant to Section 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W.Va.) (Chief Judge Haden), *aff'd*, 291 F.3d 257 (4th Cir. 2001), *cert. denied*, 537 U.S. 938 (2002). Additionally, the United States Supreme Court has held that "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Hendrix*, 599 U.S. at 471 . The Supreme Court emphasized that the savings clause does not provide a means for a petitioner to evade the limitations of Section 2255(h) such that a petitioner's inability to satisfy the requirements of Section 2255(h) equals a determination that Section 2255 is "inadequate or ineffective" in satisfaction of the savings clause. *Id.* at 479 ("The inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.")

It is important to note that the remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2242. Thus,

in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

## III. Analysis

In his Petition, Petitioner states the following single ground for relief: "New law has came (sic) with The Supreme Court and I shall be granted for a compassionate relief for The 924(c)(1)(a) violating substantial right's (sic) see Hewitt, No 23-1002. Warden failed to get me relief." (ECF No. 1, at 5). *Hewitt v. United* States—the case ostensibly cited by Petitioner—dealt with a very specific question presented: "What [mandatory minimum] penalties apply when a [18 U.S.C.] § 924(c) offender *had* been sentenced as of the [First Step] Act's enactment, but that sentence was subsequently vacated, such that the offender must face a post-Act resentencing?" 606 U.S. at 419 (emphasis in original). The Supreme Court held, in relevant part, that

> under § 403(b) of the First Step Act, a sentence "has . . . been imposed" for purposes of that provision if, and only if, the sentence is extant—*i.e.*, has not been vacated. Thus, the Act's more lenient penalties apply to defendants whose previous § 924(c) sentences have been vacated and who need to be resentenced following the Act's enactment.

606 U.S. at 420 (2025).

Although, as Respondent notes, "Petitioner does not explain precisely how

[*Hewitt*] applies to him," it is clear from the nature of Petitioner's claims that "any relief sought pursuant to that decision would necessarily challenge the legal basis and validity of the sentence imposed." (ECF No. 13, at 1). Thus, his claims should be brought pursuant to Section 2255 unless the "savings clause" is triggered.

As noted, the Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D. W. Va.) (Chief Judge Haden), *aff'd*, 291 F.3d 257 (4th Cir. 2001), *cert. denied*, 537 U.S. 938 (2002). Over the years, a circuit split resulted from courts struggling with determining when Section 2255 was "inadequate or ineffective" such to permit a petitioner to proceed under the "savings clause." *See Jones v. Hendrix*, 8 F.4th 683, 686–87 (8th Cir. 2021) (noting the circuit split over the question whether a change in case law, combined with the successive motions bar, makes Section 2255's remedy inadequate or ineffective as to allow a petitioner to seek relief under Section 2241). Recently, the United States Supreme Court addressed the issue in *Hendrix*, holding that "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465 (2023).

Prior to *Jones v. Hendrix*, the Fourth Circuit stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law

changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."[2] *In re Jones*, 226 F.3d at 333–34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). For purposes of sentencing challenges, the *Wheeler* Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Id.* at 429. "The Supreme Court's recent decision in *Jones v. Hendrix* rejected the foundation of the Fourth Circuit's reasoning in interpreting the saving clause and abrogated the standards in *In re Jones* and *Wheeler*." *Barrie v. United States*, 2023 WL 5044977, * 3 (E.D. Va. Aug. 8, 2023); *see also Johnson v. Dunbar*, 2023 WL 5211052, * 3 (D.S.C. July 12, 2023) (finding that "*Jones v. Hendrix* abrogated the holdings *In re Jones* and *Wheeler*"), *report and recommendation adopted by*, 2023 WL 5207981 (D.S.C. Aug. 14, 2023). As stated above, the Supreme Court clarified in *Jones v. Hendrix* that "§2255(e)'s saving clause does not permit a prisoner asserting an intervening change in

---

2 Petitioner could not meet the burden of showing that *Bruen* was a retroactively applicable Supreme Court decision establishing that Petitioner may have been convicted of a nonexistent offense. *See United States v. Williams*, 113 F.4th 637, 663 (6th Cir. 2024) (Post-*Bruen*, the Sixth Circuit has reiterated that "felon-in-possession laws are presumptively lawful.")

statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. at 465. The Supreme Court emphasized that the savings clause does not provide a means for a petitioner to evade the limitations of Section 2255(h) such that a petitioner's inability to satisfy the requirements of Section 2255(h) equals a determination that Section 2255 is "inadequate or ineffective" in satisfaction of the savings clause. *Id.*, 599 U.S. at 479 ("The inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.") The Supreme Court stated that the "[b]asic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes." *Id.* at 478. The Supreme Court further explained that when Congress enacted Section 2255, the savings clause covered "unusual circumstances" where "it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Id.* Additionally, the savings clause "might also apply when 'it is not practicable for a prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" *Id.* at 474 (citation omitted). Finally, the Supreme Court reiterated that the savings clause "does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." *Id.* at 475 (emphasis in original).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such

that he can resort to Section 2241. Petitioner's reliance upon *Hewitt* does not satisfy the criteria of the savings clause, as it is a constitutional challenge to Section 924(c), and Fourth Circuit precedent holds that "§ 2255 is not 'inadequate or ineffective' for testing constitutional claims" because "[a]n initial § 2255 motion provides relief for constitutional errors." *Farkas v. Butner*, 972 F.3d 548, 559 (4th Cir. 2020) ("allowing a § 2241 application for constitutional claim that does not fit within the narrow confines of § 2255(h)(2) would read § 2255(h)(2)'s gatekeeping provisions right out of the statute"). Additionally, Petitioner has failed to identify any "unusual circumstances" that would make it "impossible or impracticable" to seek relief from the sentencing court. *See Jones v. Hendrix*, 599 U.S. at 478; *see also Joseph v. Dunbar*, 2023 WL 5093488 (6th Cir. Aug. 8, 2023) (stating that *Jones v. Hendrix* makes "clear that [a petitioner] cannot use § 2241 as 'an end-run around' § 2255(h)'s rules"); *Walton v. Warden*, 2023 WL 5011933 (2nd Cir. Aug. 7, 2023) (petitioner failed to "suggest that 'unusual circumstances' render it 'impossible or impracticable for [him] to seek relief from the sentencing court.'"); *Davis v. Streeval*, 2023 WL 4828506, * 2 (W.D. Va. July 27, 2023) ("[A] prisoner cannot use § 2241 to accomplish what he could not do in his request for a second motion under § 2255."). Accordingly, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion.

Based on the foregoing, the undersigned **PROPOSES** that the District Court construe Petitioner's Section 2241 Petition (ECF No. 1) as a Section 2255 Motion and transfer such to the United States District Court for the Middle District of Georgia for consideration. To the extent Petitioner objects to the re-characterization of his Section 2241 Petition, the undersigned respectfully **RECOMMENDS** that his Section 2241 Petition be dismissed and Respondent's Motion to Dismiss for Improper Venue (ECF No.

13) be **DENIED as moot**.

## <u>NOTICE TO PETITIONER</u>[3]

Petitioner is hereby **NOTIFIED** that pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(emphasis added).

Petitioner is further hereby **NOTIFIED** that Section 2255 also limits a Petitioner's ability to file a second or successive Section 2255 motion. Petitioner is advised that if he chooses to later file a second or successive Section 2255 Motion, he must obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. §

---

3 *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)(when a court proposes to construe a *pro se* litigant's post-conviction motion as the movant's first Section 2255 Motion, the Court is required to notify the movant of the restrictions and limitations under Section 2255, thereby giving the movant an opportunity to contest the recharacterization, or to withdraw or amend the motion); *also see United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002)(holding "that if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so re-characterize the motion").

2244(b)(3).[4] *See In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) ("[B]efore a prisoner can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."); 28 U.S.C. § 2244(b)(3)(A).[5] To obtain certification from the Court of Appeals, Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Accordingly, Petitioner should inform the Court in writing within the period for filing Objections to this Proposed Findings and Recommendation if he does not wish to have his Section 2241 Petition re-characterized as a Motion under Section 2255. Should

---

4 Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

5 Title 28, Section 2244(b)(3) provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Petitioner not file Objections to this Proposed Findings and Recommendation, the Court will consider his Section 2241 Petition as a Motion filed under Section 2255 and transfer the matter to the Middle District of Georgia. To the extent Petitioner objects to the re-characterization of his Section 2241 Petition, the undersigned is recommending that Respondent's Motion to Dismiss for Improper Venue (Document No. 13) be granted and his Section 2241 Petition be dismissed.

## IV. Proposal and Recommendations

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Petitioner's Section 2241 Petition (ECF No. 1) as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, **TRANSFER** such to the United States District Court for the Middle District of Georgia, and **DENY as moot** Respondent's Motion to Dismiss for Improper Venue (ECF No. 13).

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). Copies of such objections shall be served on opposing parties, District Chief Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting pro se, and counsel of record.

**FILED:** August 3, 2026

Omar J. Aboulhosn
United States Magistrate Judge